UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD JARVI,

                    Plaintiff,                        Case No. 12-10123
                                              HON. GEORGE CARAM STEEH

vs.


DOREEN P. O'LEAR, HASHIM RAZA, and
KATHLEEN A. RYAN,

                    Defendants.
_____/

<u>ORDER DISMISSING ACTION</u>

      Plaintiff, proceeding <u>pro se</u>, filed the instant action on January 11, 2012.  On February 3, 2012, this court issued an order for plaintiff to show cause why this action should not be dismissed for failure to state a claim.  The court's February 3, 2012 order identified the deficiencies in plaintiff's complaint.  Plaintiff filed a response to the order to show cause on February 17, 2012, however his response fails to clarify the legal claims in this action.

      "[A] district court may, at any time, <u>sua sponte</u> dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion."  <u>Apple</u> v. <u>Glenn</u>, 183 F. 3d 477, 479 (6th Cir. 1999).  While the court must construe pro se pleadings liberally, a pro se plaintiff must provide more than "labels and conclusions[,] . . . [f]actual allegations must be enough to

-1-

raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

Plaintiff's rambling response to this court's order to show cause suggests that the basis for plaintiff's complaint is his dissatisfaction with defendant state court judge Kathleen A. Ryan's, decisions concerning his petition to terminate conservatorship.  As the court noted in its show cause order, defendant Ryan is entitled to absolute judicial immunity unless plaintiff's allegations concern either defendant's actions (1) that were not taken in her judicial capacity or (2) although judicial in nature, were taken in complete absence of jurisdiction.  See DePiero v. City of Macedonia, 180 F. 3d 770, 784 (6th Cir. 1999).  Thus, defendant is immune from liability and plaintiff's complaint fails to state a claim upon which relief may be granted.

Further, it is questionable whether plaintiff has the capacity to bring this suit if he has been declared incompetent.  Capacity to sue is determined by the state of plaintiff's domicile.  See Fed. R. Civ. P. 17(b)(1).  In Michigan, "[i]f a minor or incompetent person has a conservator, actions may be brought and must be defended by the conservator on behalf of the minor or incompetent person."  See M.C.R. 2.201(E)(1)(a).

Accordingly,

This cause of action is dismissed.

SO ORDERED.

Dated:  March 28, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 28, 2012, and to Ronald Jarvi, 4481 Monroe, Ecorse, MI 48229.


S/Marcia Beauchemin
Deputy Clerk